

FILED
FEB 2 6 2008   NF
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
)  **08CR 0181**
v. )
) Violations: Title 18, United States Code,
HANDEL YOU, a/k/a ) Sections 513(a) and 1343
"Peter Handel You" )

**JUDGE ZAGEL**

**MAGISTRATE JUDGE COLE**

### COUNT ONE

The SPECIAL FEBRUARY 2008-1 GRAND JURY charges:

1. At times material to this Indictment:

    (a) Defendant HANDEL YOU incorporated several entities, including:

    i. Mokena Entertainment Complex, Inc. ("MEC");

    ii. God and Yous Corporation ("GY Corp"); and

    iii. Springfield-Pinecreek LLC.

    (b) A shopping center and entertainment complex was located on property at 19081 Old LaGrange Road in Mokena, Illinois (hereinafter "19081 Old LaGrange Road Property"). The shopping center and entertainment complex was home to several businesses, including a clothing store, day care, off track betting parlor, night club, and sports bar.

    (c) Potbelly Corporation was a Delaware corporation and was the parent company to Potbelly Sandwich Works LLC, which operated sandwich shops and restaurants around the United States, including the Chicago area.

    (d) Lynk Labs, Inc., was an Illinois corporation in the business of, among other things, designing, manufacturing, and licensing light emitting diode technology.

2.  From in or about November 2002 through at least on or about August 2004, in the Northern District of Illinois, Eastern Division, and elsewhere,

HANDEL YOU,
also known as "Peter Handel You,"

defendant herein, along with others known and unknown to the Grand Jury, devised and intended to devise, and participated in, a scheme and artifice to defraud individuals of money and property, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, promises, as further alleged herein.

3.  It was part of the scheme to defraud that defendant HANDEL YOU lured victims to provide him with money as "investments" by lying about his business ventures, real estate holdings, and the profitability of the investments.

4.  It was further part of the scheme that when victims did provide YOU with money as investments, YOU did not invest the money that the victims provided to him, but instead used the money on personal expenditures.

### *19081 Old LaGrange Road Property*

5.  It was further part of the scheme that YOU told Victim WG that he owned a company, God and Yous Corporation ("GY Corp"), which owned the 19081 Old LaGrange Road Property, when, as defendant well knew, GY Corp did not own that shopping center and entertainment complex.

6.  It was further part of the scheme that defendant YOU knowingly provided Victim WG with a forged note that falsely showed that GY Corp held an ownership interest in the 19081 Old LaGrange Road Property.

7.  It was part of the scheme that YOU falsely told Victim WG that he owned a company,

Mokena Entertainment Company ("MEC"), which managed the entire shopping center and entertainment complex at the 19081 Old LaGrange Road Property, when, as defendant well knew, he and MEC only owned and managed a nightclub and sports bar located on that property.

8. It was further part of the scheme that YOU falsely told Victim WG that GY Corp was highly profitable from its ownership of the 19081 Old LaGrange Road Property, when, as defendant well knew, GY Corp did not earn any money for owning that property.

9. It was further part of the scheme that YOU falsely told Victim WG that MEC was highly profitable from its management of the 19081 Old LaGrange Road property when, as defendant well knew, MEC did not manage that property, and was not highly profitable from its ownership and management of the nightclub and sports bar on that property.

10. It was further part of the scheme that YOU provided Victim WG with false financial statements, which contained misrepresentations about the revenue and income that MEC had received and baseless projections for MEC's future revenue and income.

11. It was further part of the scheme that, on or about November 19, 2002, YOU directed Victim WG to pay approximately $151,000 to become a shareholder of MEC.

12. It was further part of the scheme that, on or about January 14, 2003, YOU directed Victim WG to pay approximately $115,000 to purportedly become a shareholder of GY Corp.

13. It was further part of the scheme that YOU caused these payments by Victim WG to be deposited into a bank account he held at Foster Bank.

*Springfield-Pinecreek*

14. It was further part of the scheme that YOU told potential investors that he owned a company, Springfield-Pinecreek, LLC, which held real estate that he intended to develop in Lake Como,

Wisconsin, and Galena, Illinois.

15. It was further part of the scheme that YOU traveled with potential investors to property sites in Lake Como, Wisconsin, and Galena, Illinois, and falsely told the potential investors that he and Springfield-Pinecreek, LLC, owned the real estate located at these sites when, as YOU well knew, they did not in fact hold any ownership in the real estate at these sites.

16. It was further part of the scheme that YOU provided investors with altered deeds in an attempt to prove to the investors that he and Springfield-Pinecreek LLC held an ownership interest in the real estate.

17. It was further part of the scheme that YOU provided investors with updates as to the status of the development of the real estate and falsely claimed that the sites were under development when, in fact, they were not under development.

18. It was further part of the scheme that YOU directed the following victims to make the following approximate payments as "investments" into the real estate developments and Springfield-Pinecreek, LLC:

  (a) $100,000 by Victim DB on or about July 15, 2003;

  (b) $50,000 by Victim DV on or about April 23, 2003 and $40,000 by Victim DV on or about May 22, 2003;

  (c) $50,000 by Victim SO on or about October 6, 2003;

  (d) $20,000 by Victim NK in or about June 2004;

  (e) $105,000 by Victim JK in or about March 2004 through July 2004;

  (f) $100,000 by Victim GM on or about August 25, 2004;

19. It was further part of the scheme that YOU caused these payments to be deposited into

4

a bank account he held at Foster Bank.

### Lynk Labs, Inc.

20. It was further part of the scheme that YOU falsely told potential investors that he was the CFO of Lynk Labs, Inc.

21. It was further part of the scheme that YOU informed potential investors that he was authorized to sell shares of Lynk Labs, Inc. when, as YOU well knew, he was not authorized to sell shares of that company.

22. It was further part of the scheme that YOU directed the following victims to make the following approximate payments to purchase shares of Lynk Labs, Inc.:

    (a)    $34,000 by Victim WC in or about June 2002;

    (b)    $15,000 by Victim BM on or about May 22, 2002;

    (c)    $41,000 by Victim MS on or about May 17, 2002;

    (d)    $25,000 by Victim BT on or about May 22, 2002.

23. It was further part of the scheme You gave these victims phony stock certificates that falsely showed that they had been issued shares of Lynks Labs, Inc., when, as YOU well knew, they had not been issued shares of Lynks Labs, Inc.

### Potbelly Sandwich Works

24. It was further part of the scheme that YOU informed Victim RB that he was authorized to sell shares of "Potbelly Sandwich Works LLC" when, as YOU well know, he was not authorized to sell shares of that company.

25. It was further part of the scheme that YOU directed Victim RB to provide him with a check for $50,000 made out to "Potbelly Sandwich Works LLC" to purchase shares of the company.

26.  It was further part of the scheme that, on or about February 12, 2004, YOU caused Victim RB's check for $50,000 made out to "Potbelly Sandwich Works LLC" to be deposited into a bank account YOU held at Foster Bank.

27.  It was further part of the scheme that YOU provided Victim RB with a phony stock certificate that falsely showed that Victim RB had been issued $50,000 worth of shares of "Potbelly Sandwich Works LLC" on or about February 17, 2004, when, as YOU well knew, no such shares had been issued.

28.  It was further part of the scheme that YOU misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence, purposes, and acts done in furtherance of the aforementioned scheme.

29.  As a result of the scheme, YOU fraudulently acquired approximately $900,000 to which he was not entitled.

30.  On or about August 24, 2004, at Chicago, in the Northern District of Illinois, Eastern Division,

> HANDEL YOU,
> also known as "Peter Handel You,"

defendant herein, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain signs, signals and sounds, namely: a wire transfer of $100,000 from Victim GM's bank account in Hudson, Massachusetts, into YOU's bank account at Foster Bank in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1. The allegations in paragraphs 1(a) and (d) of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2. On or about February 17, 2004, at Glenview and Elgin, in the Northern District of Illinois, Eastern Division,

HANDEL YOU,<br>
also known as "Peter Handel You,"

defendant herein, knowingly made, uttered, and possessed a counterfeited security of an organization, namely, a stock certificate for Potbelly Sandwich Works LLC, number 1015 issued to Victim RB in the amount of 50 shares with a par value of $50,000, with intent to deceive another person, namely, Victim RB;

In violation of Title 18, United States Code, Section 513(a).

## FORFEITURE ALLEGATIONS

The SPECIAL FEBRUARY 2008-1 GRAND JURY further alleges:

1. The allegations contained in this Indictment are realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. As a result of his violation of Title 18, United States Code, Sections 1343, as alleged in the foregoing Indictment,

HANDEL YOU,<br>
also known as "Peter Handel You,"

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the offense charged in Count One.

3. The interests of the defendant subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) include but are not limited to all proceeds, including approximately $900,000, defendant received as a result of his offense charged in Count One.

4. If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendants:

    (a) Cannot be located upon the exercise of due diligence;

    (b) Has been transferred or sold to, or deposited with, a third party;

    (c) Has been placed beyond the jurisdiction of the Court;

    (d)    Has been substantially diminished in value; or

    (e)    Has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

                                  A TRUE BILL:

                                  _____
                                  FOREPERSON

_____
UNITED STATES ATTORNEY